UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          v.                      )          Case No. 1:14-cr-00003-KBJ-AK
                                  )
DAVID JENKINS,                    )
a.k.a. Ronald Pannell,            )
                                  )
          Defendant.              )
_____ )

## DETENTION MEMORANDUM

David Jenkins ("Defendant") has been charged by grand jury indictment with four counts of assaulting, resisting, or impeding certain officers or employees and aiding and abetting, in violation of 18 U.S.C. § 111(a)(1). The Government requested a detention hearing, which was held on February 27, 2014. At the conclusion of the hearing, the Court found that Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement for the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## Findings of Fact

At the detention hearing, the Government proceeded by proffer based on the Counts in the Indictment. On December 30, 2013, Deputy United States Marshals ("Marshals" or "Deputies") received information regarding the whereabouts of Defendant, and attempted to apprehend him pursuant to an outstanding arrest warrant for an assault with a deadly weapon ("AWDW") charge in D.C. Superior Court.

At around 8:40 p.m., the Marshals, riding in an unmarked police car, encountered Defendant on the corner of 19th and L Streets, NE. Defendant was sitting in the passenger compartment of a stationary vehicle. The Marshals then attempted to execute the AWDW warrant. Deputy Shindledecker, wearing a police vest, exited the police car and approached

1

Defendant on the passenger side of the vehicle.  As Deputy Shindledecker approached, Defendant pushed or punched Deputy Shindledecker to the ground, causing injury to the Deputy's hand, then fled on foot.  Several other Marshals gave chase, yelling "Stop, Police" throughout the pursuit.  Defendant managed to elude the Marshals for several minutes, until Deputies Hale and Messinger found Defendant lying on a basement stair at 1707 Lang Place NE.  Given the nature of Defendant's outstanding warrant, the Marshals asked to see Defendant's hands as they attempted to arrest him.  Defendant resisted arrest by clenching his fist, taking an aggressive stance towards the officers, and pushing Deputies Hale and Messinger.  One of the Marshals then used a stun gun on Defendant, but because the stun gun was not fully engaged Defendant was able to break away from the Marshals and flee.  Defendant was pursued again for several yards, until he was stopped by Deputy Ward.  When Defendant again tried to run away from Deputy Ward, one of the Marshals successfully incapacitated Defendant with a stun gun.  Defendant was then arrested and brought into custody.

The government also proffered that Defendant has a history of assaulting law enforcement officers.  This is Defendant's sixth time being arrested for this type of offense.  Furthermore, the Marshals received "minor" injuries, which the government later clarified it meant injuries not requiring surgery.

At the hearing, Defendant requested that he be placed in the High Intensity Supervision Program, or "HISP," giving three main reasons.  First, Defendant stated that Ms. Smith, who was the driver of the vehicle in which Defendant was sitting when first approached by the Marshals, never saw Defendant push Deputy Shindledecker down to the ground before fleeing on foot.  Second, Defendant has shown a willingness to cooperate with release conditions; he is currently on release for a misdemeanor marijuana charge, and has made three court appearances on his own and has been in general compliance.  Third, Defendant had a number of friends and family members present in the courtroom, suggesting a support system making his case amenable to an at-home HISP program.  For these reasons, Defendant proposed that he not be detained pending trial.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-1342 provides, in pertinent part, that  a judicial officer shall order the detention of a person without bond if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  The Court may order the detention of a criminal defendant who poses a flight risk if such a finding is supported by a preponderance of the evidence.  *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987).  Where the justification for detention is the safety of the community, the decision must be based on clear and convincing evidence.  *Id.*

Here, the Government seeks pretrial detention on the grounds that no condition or combination of conditions will reasonably assure the appearance of the person before this Court or reasonably assure the safety of any other person and the community.  In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court and assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release.  18 U.S.C. § 3142(g).

### (1) Nature and Circumstances of the Offense Charged

This factor favors detention.  The Defendant was arrested for assaulting four Deputy United States Marshals in an attempt to evade arrest.  Defendant undertook these dangerous actions against federal officers in an attempt to flee.  Defendant assaulted officers numerous times and clearly evinced the intent to escape, and was subdued only once officers deployed their stun guns.  Therefore, the nature and circumstances of the offense charged favors detention.

(2) <u>The Weight of the Evidence</u>

This factor favors detention.  Four different Marshals either witnessed Defendant assault a fellow Marshal or were themselves assaulted.  If any or all of the Marshals were to testify in accordance with the Government's proffered evidence, there would be strong evidence against Defendant.  Therefore, the weight of the evidence favors detention.

(3) <u>The History and Characteristics of Defendant</u>

This factor favors detention.  The defendant has a history of both fleeing from and assaulting law enforcement officers, and has done so on multiple occasions, demonstrating a disregard for the safety of law enforcement officers and the law in general.  At the hearing, Defendant mentioned his compliance with his conditions of release surrounding a misdemeanor marijuana charge.  However, following a court's orders as to hearing dates does not overcome Defendant's history with respect to flight from and assault of law enforcement officers.  Furthermore, the charges Defendant currently faces are much more serious than misdemeanor drug offenses.  Therefore, the history and characteristics of Defendant favor detention.

(4) <u>The Danger to the Community</u>

This factor favors detention.  Defendant is charged with assaulting not one, but four Deputy United States Marshals.  If Defendant behaves this way towards federal law enforcement, the community cannot be expected to fare much better.  Defendant's willingness to engage in flight from law enforcement officers and violence toward them when confronted puts every person in his community in danger.  Moreover, given the Defendant's criminal history, there is little to reassure this Court that Defendant will not flee or engage in further violent behavior if released.  Therefore, the danger to the community favors detention.

## <u>Conclusion</u>

Based upon consideration of all the evidence, and the factors set forth in § 3142(g), and weighing all the lesser restrictive alternatives to pretrial detention, this Court concludes by preponderance of the evidence that Defendant poses a risk of flight and no condition nor

4

combination of conditions exist that would ensure his appearance.  Therefore, the Government's motion for detention without bond is granted.


Dated: 2/28/2014                                              _____/s/_____

ALAN KAY

UNITED STATES MAGISTRATE JUDGE